UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HECTOR MANUEL RODRIGUEZ        CIVIL ACTION

VERSUS        NO. 21-1724

BP EXPLORATION & PRODUCTION INC.,        SECTION: "B"(2)
ET AL.

## ORDER AND REASONS

Considering plaintiff Hector Rodriguez's second motion to continue the Court's scheduling order (Rec. Doc. 28), defendants BP Exploration & Production, Inc. and BP America Production Company ("BP defendants")'s response in opposition (Rec. Doc. 29), and plaintiff's notice of supplemental authority (Rec. Doc. 30),

**IT IS ORDERED** that the motion to continue the Court scheduling order is **DENIED.** Fed. R. Civ. P. 16(b)(4) requires good cause and the judge's consent to modify a scheduling order. *See also Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)) (noting four factors for good cause under Rule 16).

Here, the above-captioned matter has been pending since September 20, 2021. Rec. Doc. 1. On December 20, 2022, this Court granted plaintiff's first request for a 90-day continuance. Rec. Doc. 26. When granting the first continuance, the Court specifically clarified: "another motion to continue deadlines without a demonstration of good cause will not be treated as

favorably." *Id.* at 2. Nevertheless, plaintiff recites the same and/or substantially similar arguments raised in the previous motion. *See* Rec. Docs. 14 & 28.[1]

Plaintiff also provides a notice of supplemental authority (Rec. Doc. 30) to demonstrate that Section J of this Court found good cause for a 90-day extension in a different BELO case, *Recasner, Jr. v. BP Exploration & Production Inc., et al.*, No. 22-485 (Rec. Doc. 28) (J. Barbier). However, the continuance in that case was the first and only continuance requested and granted. *Compare with Smith v. BP Exploration & Production Inc., et al.*, No. 22-842 (Rec. Doc. 39) (J. Vitter) ("the Court finds that Plaintiff has failed to show that good [cause] exists under Fed. R. Civ. P. 16" when considering a **second** motion to continue scheduling order). After careful consideration of the parties' memoranda and the applicable law, the Court finds that plaintiff

---

[1] Plaintiff avers the scientific complexity of the case and need for document and evidence from third-party contractors is highly relevant to plaintiff's theory of the case; discovery production was delayed by BP; plaintiff recently received production from ChampionX and is still reviewing the materials; and there would be no prejudice to defendants. Rec. Doc. 28-1. Defendants contend that many BELO plaintiffs represented by the Downs Law Group blame the slow pace of third-party production but fail to explain their own delay in seeking the documents, especially since the Deepwater Horizon spill occurred in 2010; other sections of this Court have also denied continuances, especially where a previous continuance was already granted; and plaintiff's theories about irrelevant evidence are unfounded because the DWH response was overseen and directed by the federal government, not BP. Rec. Doc. 29.

failed to show that good cause exists under Fed. R. Civ. P. 16 to amend the Court's scheduling order for a second time.

New Orleans, Louisiana this 4th day of May, 2023

_____

SENIOR UNITED STATES DISTRICT JUDGE